GOLDING BROS. CO., INC. *v.* UNITED STATES

**No. 4929.**—Invoices dated Lauwe, Belgium, December 27, 1937, etc.
Certified December 29, 1937, etc.
Entered at New York, January 14, 1938, etc.
Entry Nos. 102960, etc.

(Decided June 12, 1940)

*Siegel & Mandell* (*Samuel T. Siegel* of counsel) for the plaintiff.
*Webster J. Oliver*, Assistant Attorney General (*Samuel D. Spector*, special attorney), for the defendant.

KINCHELOE, Judge: These appeals to reappraisement, both of which were consolidated for the purposes of trial by consent of the parties, involve the determination of the proper dutiable value of certain cotton mattress tickings imported from Belgium and entered at the port of New York. Plaintiff has limited its claim to certain qualities of the merchandise covered by the two shipments in question, which disputed items are enumerated in schedules A and B, hereto attached and made a part hereof.

The merchandise in question was entered at what is claimed by plaintiff to be the proper dutiable export value of such merchandise. The appraiser, in his official action, found no foreign or export value for said merchandise, and therefore appraised it on the basis of United States value.

It is conceded by plaintiff that if the court finds United States value to be the proper basis for determining dutiable value of the instant merchandise, then the appraised values truly represent such value within the statutory definition thereof, as set forth in section 402 (e) of the Tariff Act of 1930.

The evidence introduced herein is entirely documentary. No oral testimony was offered by either of the parties.

In support of its contention, plaintiff introduced two affidavits, Exhibits 1 and 2 herein, both of which were executed by a partner of the exporting firm, who testified that he has had charge of the technical and commercial departments of said firm for the past 8 years; and that he is personally familiar with all transactions of his firm involving the purchase and sale of merchandise such as that covered by the two shipments in question. Included in said affidavits appears the following testimony:

* * * although no sales to the United States have been made to others than Golding Bros. Co. Inc. nevertheless we were prepared and willing to sell in the usual wholesale quantities and in the ordinary course of trade, the identical descriptive qualities at the prices at which the same were sold and invoiced to Golding Bros. & Co. of New York.

It is to be noted that no evidence was offered to show *actual offers* of identical merchandise were made to others for export to the United States. The price list, attached to the exhibits in evidence, relates to items of merchandise which are not involved in the present litigation. Nor was any proof adduced to show offers of sale or actual sales of similar merchandise to that in question to others for export to the United States.

The mere statement of plaintiff's witness that the exporter of the instant merchandise was prepared and willing to sell identical merchandise to others for exportation to the United States is not sufficient, in my judgment, to warrant a definite finding of the existence of an export value within the statutory definition of such value as set forth in section 402 (d) of the Tariff Act of 1930.

Especially is the foregoing true in the light of the statement contained in the special agent's report which was offered by defendant and admitted in evidence herein as Exhibit 3. In said report, the special agent states:

This mattress ticking is sold exclusively to Golding Bros. and not offered to any other customers in the United States.

In the case of *United States* v. *D. J. Powers (for Franklin Co.) and Geo. Wm. Rueff*, 16 Ct. Cust. Appls. 185, T. D. 42811, our appellate court said:

No export value is shown where the importer was the sole purchaser of merchandise in France for export to the United States and there is no evidence that similar merchandise was sold for export to the United States.

That conclusion, in my judgment, is equally applicable in the instant case, on the basis of the evidence adduced herein. In my opinion, the broadest interpretation that can be accorded the above-quoted testimony of plaintiff's witness is that sales for export of identical cotton mattress tickings to others than the plaintiff herein would have been made if requests for such merchandise had been received from other prospective purchasers in the United States. In other words, said witness presents evidence of a hypothetical market, or what the exporting firm would have done if confronted by conditions not shown to have existed. Certainly, such evidence can have no probative value in determining proper dutiable value of imported merchandise.

On the basis of the record before me I find the following facts:

(1) That the merchandise in question consists of certain cotton mattress tickings, of the qualities set forth in schedules A and B, hereto attached, and made a part hereof, imported from Belgium.

(2) That there was no foreign or export value for such or similar merchandise at the time of exportation of the cotton mattress tickings in question.

(3) That the proper basis for appraisement of the instant merchandise is United States value.

(4) That the proper dutiable United States values for the merchandise in question are the appraised values.

I therefore hold as matter of law that the correct dutiable values of said cotton mattress tickings are the appraised values, as set forth in fact (4). Judgment will be rendered accordingly.

*Schedule "A"*

Reappraisement No. 133136–A                                  Date of Exportation 12/29/37

Quality Plymouth, Pat. Perevale 41″
Quality & Pat. Restal-Knight 55¼″
Quality Dreamland, Pat. Dordrecht 41″
Quality Puritan, Pat. Sterling 56″

Quality Puritan, Pat. Bed of Roses 41″
Quality Puritan, Pat. Peach Tree 56″
Quality Puritan, Pat. Peach Tree 41″
Borders for Peach Tree 56″
Quality Puritan, Pat. Le Marbel 41″
Quality Puritan, Pat. Le Marbel 56″
Quality Puritan, Borders for Le Marbel 56″
Quality Waterloo, Pat. Denteel 41″
Quality Plymouth, Pat. New Potsdam 41″
Quality Sheffield, Pat. Paysage 41″
Quality Florence, Pat. Beauty Supreme 41″
Quality Puritan, Pat. Peach Tree 56″
Quality Puritan, Borders for Peach Tree 56″
Quality Puritan, Pat. Peach Tree 41″
Quality Dreamland, Pat. Dordrecht 41″

*Schedule "B"*

Reappraisement No. 133137-A                                    Date of Exportation 1/6/38

Quality Plymouth, Pat. Perevale 41″
Quality Plymouth, Pat. New Potsdam 41″
Quality Dreamland, Pat. Dordrecht 41″
Quality Puritan, Pat. Chevalier 56″